IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| SUNGJUN KIM<br>13298 Blueberry Lane, Apt. 304C<br>Fairfax, Virginia 22033<br><br>And<br><br>JIHEY LEE<br>3720 Sudley Ford Court<br>Fairfax, Virginia 22033<br><br>PLAINTIFFS,<br><br>v.<br><br>AIRIST DC, INC.<br>333 Sylvan Avenue, Suite 219<br>Englewood Cliffs, New Jersey 07632<br><br>SERVE: Sung Seung Ok<br>25909 Kirkwood Square<br>Chantilly, Virginia 20152<br><br>DEFENDANT | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>Case No:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

Plaintiffs Sungjun Kim ("Kim") and Jihey Lee ("Lee") (together, "Plaintiffs"), by and through undersigned counsel, hereby submit their Complaint against Defendant Airist DC, Inc. ("Defendant") to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiffs hereby affirm their consent to participate as plaintiffs in this action under the FLSA and for all relief requested herein.

2. Defendant is a corporation formed under the laws of the Commonwealth of Virginia with a principal office located in the State of New Jersey.

3. The substantial majority of the acts and omissions giving rise to this action occurred in or around Dulles International Airport in Northern Virginia.

4. At all times relevant to this action, Defendant had gross annual revenues exceeding $500,000.00.

5. At all times, Defendant and its employees, including Plaintiffs, used in business operations and work duties materials, products, and goods (namely food products) that originated from outside the Commonwealth of Virginia, and otherwise engaged in interstate commerce such that Defendant qualified as an enterprise within the meaning of the FLSA.

6. At all times relevant to this action, Defendant qualified as Plaintiffs' employer under the FLSA and Plaintiffs were Defendant's employees under the FLSA.

## FACTS

7. Lee was employed by Defendant as a food cook and server for the period of about October 2009 through about May 2016.

8. In addition to her food cook and server duties, Defendant required Lee to use her personal vehicle to shop for ingredients and to run general errands on behalf of Defendant.

9. Kim was employed by Defendant as a driver and to perform other general labor employment tasks for the period of about May 2015 through about May 2016.

10. Included in Kim's various employment duties was the requirement that he make weekly trips to Defendant's New Jersey headquarters to meet with ownership and receive work instruction.

11. The primary place where Plaintiffs performed their work duties was the Air France Lounge at Dulles International Airport in Northern Virginia.

12. While employed, the exact number of hours Plaintiffs worked varied slightly from week to week.

13. While employed, Plaintiffs regularly worked more than forty (40) hours per week.

14. While employed, Kim typically worked at or about seventy-seven (77) hours or more per week.

15. While employed, Lee typically worked at or about sixty (60) hours or more per week.

16. At all times, Defendant had knowledge of all hours Plaintiffs worked each week and directed Plaintiffs to work all hours herein alleged.

17. While employed, Defendant paid Lee a fixed weekly salary in the amount of Seven Hundred Fifty Dollars ($750.00) and paid Kim a fixed weekly salary of Eight Hundred Fifty-Five Dollars ($855.00).

18. At all times, Defendant paid Plaintiffs at their fixed salary rate for all hours worked each week including overtime hours worked more than forty (40) hours per week.

19. At no time did Defendant paid Plaintiffs at the FLSA required time-and-one-half rate for overtime hours worked over forty (40) per week.

20. At all times, Defendant had actual knowledge of the FLSA overtime compensation requirement.

21. At all times, Defendant had actual knowledge that by paying Plaintiffs a fixed weekly salary for all hours worked each week including overtime hours worked over forty (40) per week, Defendant was violating the FLSA overtime pay requirement.

22. To attempt to hide its ongoing FLSA overtime violations, Defendant paid Plaintiffs partially by cash and/or non-payroll check and partially by payroll check.

23. In a further attempt to hide its ongoing FLSA overtime violation and prevent Plaintiffs from asserting claims for unpaid FLSA overtime wages, Defendant issued Plaintiffs time and payroll documentation that falsified Plaintiffs' weekly work hours to attempt to make it appear that Plaintiffs did not work overtime hours as herein alleged.

24. For the three-year FLSA recovery period, Defendant now owes Lee unpaid required FLSA overtime wages in the amount of about $40,125.00.

25. For the three-year FLSA recovery period, Defendant now owes Kim unpaid required FLSA overtime wages in the amount of about $32,034.60.

## CAUSE OF ACTION
### (Violation of Federal Fair Labor Standards Act)

26. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

27. As set forth above, the FLSA requires that employers compensate non-exempt employees at the overtime rate of one-and-one-half (1½) times their regular rate of pay for overtime hours worked in excess of forty (40) per week.

28. At all times, Plaintiffs were non-exempt employees and were entitled to compensation at the time-and-one-half rate for overtime hours worked over forty (40) per week.

29. As set forth above, Defendant failed to pay Plaintiffs at the FLSA required overtime rate for hours worked more than forty (40) per week while in Defendant's employment.

30. In failing to pay Plaintiffs overtime wages as required by the FLSA, Defendant unlawfully withheld overtime wages due to Lee in the amount of about $40,125.00 and due to Kim in the amount of about $32,034.60.

31. Defendant's failure to pay Plaintiffs overtime wages as required by the FLSA was with actual knowledge of illegality and was therefore willful, intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs for unpaid FLSA overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*